Gauntley agt. Wheeler.

---

## SUPREME COURT.

### WILLIAM GAUNTLEY agt. ELIJAH WHEELER, JR., and CORNELIUS BROWN.

In an action upon an *undertaking*, given by the defendant to the plaintiff, pursuant to sections 186 and 187 of the Code, to procure a discharge from arrest, the *complaint* is defective in showing a cause of action where it omits to aver the fact substantially:

1st. That an execution against the *property* of the defendant has been issued to the sheriff of the county, in which such defendant was originally arrested, and that the same has been returned by such sheriff unsatisfied in whole or in part.

2nd. That an execution against the *body* of the defendant, having at least fifteen days between the teste and return thereof, has been issued to the same sheriff; and by him returned that the defendant cannot be found within his county.

Since the form of an action of debt on the recognizance no longer exists, and the plaintiff is required to set forth in his complaint, every fact which the plaintiff must prove to enable him to maintain his action, and which the defendant has a right to controvert in his answer, it seems necessarily to follow that the above statutory facts should be stated in the complaint.

*Sixth District, Cortland Special Term, August,* 1865.

DEMURRER to Complaint.

WATERS & WATERS, *attorneys for plaintiff.*
BALLARD & WARREN, *attorneys for defendants.*

PARKER, J.    This action is brought upon an undertaking, given by the defendants to the plaintiff, pursuant to sections 186 and 187 of the Code, to procure the discharge from arrest of one William Carroll, held by the sheriff of the county of Cortland, under an order of arrest in a civil action, brought against him by the above plaintiff.

The complaint alleges judgment in an action in favor of the plaintiff against the said Carroll ; that an execution was issued thereon against the person of the defendant, and that the sheriff has made return that he could not be found, but omits to state that the execution was issued to the sheriff of the county in which the defendant was originally arrested, and also omits to allege that an execution against the property of the defendant had been issued to the same sheriff.

The defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and the question raised by the demurrer is, whether it was necessary to state the facts omitted as above mentioned.

By section 31 of the article of the Revised Statutes entitled, " of bail and proceedings to charge and exonerate them " (2 R. S. 382, 1*st edition*), it is enacted as follows :    " The plaintiff in the action shall not be entitled to bring any suit on the recognizance of bail until 1st : an execution against the property of the defendant shall have been issued to the sheriff of the county in which such defendant was originally arrested, and the same shall have been returned by such sheriff unsatisfied in whole or in part ; and 2nd : an execution against the body of the defendant having at least fifteen days between the teste and return thereof, shall have been issued to the same sheriff, and by him returned, that the defendant cannot be found within his county."    The defendant's counsel insists that this statute is still in force ; and

that it was necessary to allege in the complaint that what it so requires, had been done.

I have no doubt that these provisions of the statute are still in force under section 471 of the Code, as not inconsistent with the Code, and in substance applicable to any action which can be brought upon the undertaking provided for in section 187, and I am unable to avoid the conclusion that the facts omitted from the complaint, as above stated, are necessary to show a cause of action.

The present system of pleading requires the plaintiff in his complaint to set forth the facts constituting his cause of action ; that is, " every fact which the plaintiff must prove to enable him to maintain his suit, and which the defendant has a right to controvert in his answer " (3 *Seld.* 478). I know that this complaint is in accordance with the form reported to the legislature by the commissioners of the Code, and adopted by Tiffany & Smith in their " *New York Practice,*" *volume* 3, *page* 69. The case of *Renick* agt. *Orser* (4 *Bosw.* 389), is referred to, both in the report and in the practice, as showing that the statement of the execution against property is not necessary. That was an action against the sheriff for an escape, and shows merely that an execution against the body is not void by reason of the want of a previous execution against property, but only irregular ; and hence that the sheriff could not take advantage of the want of such execution against property. But the case here is very different. The statute makes the execution against property as essential to the plaintiff's right of action as the execution against the body, and that this was issued, this complaint in pursuance of the form from which it was taken avers. Then section thirty-three, of the article of the Revised Statutes above referred to, provides that "in such action against bail, they may plead that execution against the property and against the body of the defendant in the original suit were not issued as herein directed," and hence it is argued that the statute did not contemplate that these facts should be alleged by the plaintiff, and in the old form of pleading, when the action was debt on the recognizance, it

was not necessary to allege the issuing of either execution in the declaration.

The recognizance was set forth and the breach merely, and hence the necessity of the statutory provision, that the omission mentioned might be pleaded by the bail; they were, however, matters not of practice but of pleading; and now, since the form of an action of debt on the recognizance no longer exists, and the plaintiff is required to set forth in his complaint every fact which the plaintiff must prove to enable him to maintain his suit, and which the defendant has a right to controvert in his answer, it seems to me necessarily to follow that not only the fact of the issuing of the execution against the body, but also the other fact equally required by the statute, of the issuing of an execution against the property of the defendant should be averred in the complaint.

The demurrer I think is well taken, and must be sustained, with liberty to the plaintiff to amend his complaint upon payment of costs.